OPINION
By WASHBURN, PJ.
The legal question presented by the record for determination in this appeal from the Court of Common Pleas on questions of law is whether a minor widow, whose husband died without leaving an estate or other provision for the payment of his burial expenses, may, on the ground of her minority, avoid her contract with an undertaker to provide her husband with a decent burial, the undertaker having performed his part of the contract.
It has long been established, as founded upon necessity and a wise public policy, that there is a duty, growing out of and inherent in the marriage relation existing between two adults, to the effect that if one of them dies without an es-ate available for the payment of burial expenses, there is a legal obligation resting upon the surviving spouse (if he or she be able to do so) to take charge of the body and give to it a decent burial.
In this case we have the question presented as to whether or not there is such a legal duty where the surviving spouse is a minor; and whether such duty can be enforced against such minor who has property and who has recognized such duty and entered into a contract to pay an undertaker for its performance.
The general rule as to the duty of adult spouses has been so widely recognized and universally observed, that there have been very had occasion to consider the sub-few instances when courts have ject, and still less instances in which the duty of minor spouses have been considered; and after a consideration of such cases as the' industry of the attorneys and the court has been able to find, we are of the opinion that the legislature of Ohio, by authorizing the minor to enter into the marriage contract and relation, intended thereby to except from the classification of voidable contracts the minor’s contract to pay an undertaker for burying a deceased spouse who left no estate.
The contract being for the performance of a legal duty, was not voidable by the minor, whose legal duty in reference to such matter was the same as that of an adult.
See—
Chapple v Cooper, 153 Eng. Rep., 105, 13 Mees. & W. 252.
In re Guardianship of Milholland, 30 N. P. (N. S.) 563.
McClellan v Filson, 44 Oh St 164.
Judgment affirmed.
DOYLE, J., & STEVENS, J., concur.